FILED
United States Court of Appeals
Tenth Circuit

July 10, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

CALVIN JOHNSON,

     Plaintiff - Appellant,

v.

JOHN DOE, (going to be at least 2 or
more "John Does"),

     Defendant - Appellee.

No. 18-1038
(D.C. No. 1:17-CV-02800-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **EID**, and **CARSON**, Circuit Judges.
_____

Calvin Johnson appeals from the district court's dismissal of his civil-rights

complaint under 28 U.S.C. § 1915(e)(2)(B).  Exercising jurisdiction under 28 U.S.C.

§ 1291, we affirm.

While Mr. Johnson was incarcerated at the Colorado State Penitentiary,

another inmate, Tim Grant, started a fight with him in the day hall common area.

Prison officers responded.  From outside the day hall, they ordered both Mr. Johnson

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and Mr. Grant to lie on the floor. They then told Mr. Grant to get up and walk backwards to the slider-door to have his hands cuffed through the door slot. Mr. Grant began complying, but before he was restrained, he launched himself at Mr. Johnson (who was still lying on the floor), hitting him on the back and the back of the head. Mr. Johnson suffered injuries from the attack. He was charged with and convicted of a disciplinary offense for the incident, but he believes that Mr. Grant was not.

Mr. Johnson filed suit under 42 U.S.C. § 1983. In screening the initial complaint, the magistrate judge determined he had not pled sufficient facts to support his claims for Eighth Amendment and equal protection violations. He directed Mr. Johnson to file an amended complaint "identify[ing] the specific factual allegations that support each claim, against which Defendant or Defendants he is asserting each claim, and what each Defendant did that allegedly violated his rights." R. at 20. "In order to state an arguable Eighth Amendment claim Mr. Johnson must allege specific facts that demonstrate [officers'] deliberate indifference to a substantial risk of serious harm." *Id.* at 21. And "[i]n order to assert a claim that his right to equal protection has been violated Mr. Johnson must allege facts that demonstrate he intentionally was treated differently than similarly situated inmates." *Id.* at 22.

Mr. Johnson's amended complaint alleged that unknown prison officers were deliberately indifferent to his safety, in violation of his Eighth Amendment rights, when they failed to enter the day hall immediately upon arriving at the scene of the

2

altercation, ordered him into a vulnerable position, and then failed to stop Mr. Grant from attacking him either by tasering or pepper-spraying Mr. Grant through the door slot. With regard to the equal protection claim, Mr. Johnson alleged that he and Mr. Grant were housed on the same day hall and tier, making them similarly situated.

The district court construed Mr. Johnson's pro se amended complaint liberally but concluded it was legally frivolous and dismissed it under 28 U.S.C. § 1915(e)(2)(B)(i) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious."). After summarizing the applicable Eighth Amendment standards, the court held that Mr. Johnson had failed to allege sufficient facts to support an Eighth Amendment claim:

> Even assuming the responding officers knew the inmates posed a substantial risk of serious harm to each other after they had complied with the order to lie down on the floor, Mr. Johnson does not allege facts that demonstrate the responding officers failed to act reasonably to abate the risk. Instead, it is apparent that the officers reasonably responded to that risk by attempting to place the inmates in handcuffs one at a time. Mr. Johnson does not allege that the responding officers knew Mr. Grant would launch a new attack if he was allowed to get up in order to be the first one to be placed in handcuffs. Furthermore, Mr. Grant's failure to comply with the attempt to restrain him does not mean the steps taken by the responding officers were unreasonable. Mr. Johnson's speculation that the assault could have been prevented if the officers had entered the dayhall sooner or if they had used a taser or pepper spray when Mr. Grant failed to comply also does not demonstrate the responding officers acted unreasonably.

R. at 36-37. As for the equal protection claim, the district court again reviewed the applicable law and held that

> Mr. Johnson fails to allege specific facts that demonstrate he intentionally was treated differently than a similarly situated inmate. His speculation that Mr. Grant may not have been charged with a disciplinary offense is not sufficient to state a cognizable constitutional claim that he has been denied equal protection. Furthermore, even assuming Mr. Grant was not charged with a disciplinary offense regarding the initial fight, Mr. Johnson fails to allege specific facts that demonstrate he and Mr. Grant are similarly situated with respect to their relative involvement in that altercation.

*Id.* at 38 (citations omitted).

Mr. Johnson now appeals. "We generally review a district court's dismissal for frivolousness under § 1915 for abuse of discretion[, but] where the frivolousness determination turns on an issue of law, we review the determination *de novo*." *Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006).

We are not convinced that Mr. Johnson's amended complaint was so deficient as to be frivolous. "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact. . . . [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). But the frivolousness standard is intended to apply to "claim[s] based on an indisputably meritless legal theory" or "claims describing fantastic or delusional scenarios," *id.* at 327-28, not claims that merely fail to state a claim upon which relief can be granted, *id.* at 330. Mr. Johnson invokes recognized legal theories and does not present fanciful factual allegations.

4

Nevertheless, Mr. Johnson's claims cannot proceed. For substantially the reasons discussed by the district court, the facts he alleges fail to rise to the level of stating plausible Eighth Amendment or due process violations. He has "not nudged [his] claims across the line from conceivable to plausible," as he is required to do to state a claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In these circumstances, dismissal under § 1915(b)(2)(B) remains appropriate—but under § 1915(e)(2)(B)(ii), which allows dismissal for failure to state a claim upon which relief can be granted, rather than under § 1915(e)(2)(B)(i).

The district court's judgment is affirmed. Mr. Johnson's motion to proceed without prepayment of fees or costs is granted. Mr. Johnson shall continue making partial payments to the district court until the full amount of the filing and docketing fees have been paid. His "Motion for the U.S. Court of Appeals Panel of Judges to Grant the Following" is denied.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge